**WADE et al. v. UNITED STATES.**

Civ. No. 6869.

District Court, D. Massachusetts.

Feb. 17, 1948.

As Amended March 1, 1948.

John Torrey Kenney, of Needham, Mass., for plaintiffs.

William T. McCarthy, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action brought under the Federal Tort Claims Act, § 401 et seq., 28 U.S.C.A. § 921 et seq. Both plaintiffs seek to recover damages by reason of injuries received when the automobile in which they were riding on February 22, 1945, was allegedly run into by an army semi-trailer truck by reason of the negligent manner in which the army vehicle was being operated. The Government defends on the grounds that the driving was not negligent, and further says that the plaintiffs' own negligence contributed to the cause of their injuries.

### Findings of Fact.

On February 22, 1945, both plaintiffs were riding in the front seat of their automobile en route to Woods Hole on the Cape, from which point they were to take a boat to Nantucket to go rabbit hunting. In West Bridgewater the plaintiff, George W. Wade, was driving easterly on a road which was covered with icy patches. He was ascending a slight grade and his left wheel was in a rut in the center of the road. There were only three ruts in the highway. He saw a semi-trailer truck ahead of him coming over the brow of the hill, and the driver of that trailer truck was apparently trying to withdraw his left wheel from the same rut. The plaintiffs testified that they saw him turning his wheels from the left to the right, trying to get out of the rut. When the truck was about 50 yards from the plaintiff, the plaintiff pulled out to the right-hand side of the road against a snowbank. The front part of the trailer truck pulled out of the rut to its right-hand side of the rut but the trailer stayed in the rut. The driver of the trailer truck was negligent in not bringing it to a stop before it collided with the plaintiffs' car. It struck the plaintiffs' car on the left side, and the plaintiff, George W. Wade, shattered his left elbow. This was a compound, comminuted fracture with a dislocation. He was taken to the Brockton Hospital where the fracture was reduced and the bony fragments finally united with the use of wire. He has received a permanent injury to the

left arm, and instead of having a 180° extension of the left arm his extension is limited to 135°. The flexing of the arm is through an arc of not over 65°.

The plaintiff, George W. Wade, was a carpenter prior to the accident, earning $53 a week. Since that time he has not been able to do carpentry and is now working in a manufacturing plant where he makes about $30 a week.

The plaintiff, Janet Wade, received a gash just under her right knee, and a sprained ankle. She had suffered from a heart condition prior to the accident, and feels that the accident has brought on three new heart attacks. Before the accident she was working at the Roman Knitting Mills in Needham, Massachusetts, earning $30 a week. Although she has gone back there to work she misses work occasionally.

The War Department has settled with these people for their medical bills and property damage, so the only thing we are concerned with here is pain and suffering, and loss of earnings and capacity. I find that the driver of the plaintiffs' car was in the exercise of due care, and had done all that he could reasonably be expected to do under the circumstances when he pulled his car completely over to the right side of the road and stopped.

### Conclusions of Law.

From the foregoing I conclude and rule that the plaintiffs are entitled to judgments against the United States by reason of the negligent manner in which the army vehicle was driven.

Plaintiff, George W. Wade, is to have judgment against the United States in the amount of $8,000.

Plaintiff, Janet Wade, is to have judgment against the United States in the amount of $1,250.

Payment by the defendant of medical bills under 31 U.S.C.A., § 223(b), is not a bar to this action under the Federal Tort Claims Act, since there is no duplication of payments.